UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOE<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>STATE UNIVERSITY OF NEW YORK AT GENESEO, KEELY BIELAT SOLTOW, State University of New York at Geneseo College Registrar, LEONARD SANCILIO, State University of New York at Geneseo Dean of Students, NATE PIETROPAOLO, State University of New York at Geneseo Assistant Dean of Students for Student Conduct and Community Standards, ROBBIE ROUTENBERG, State University of New York at Geneseo Chief Diversity Officer and Investigator, and SARA MAHONEY, State University of New York at Geneseo Title IX Coordinator and Investigator,<br>　　　　　　　　Defendants. | **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO PROCEED UNDER A PSEUDONYM AND TO FILE UNDER SEAL THE DECLARATION OF JOHN DOE AND SUPPORTING EXHIBITS A-G**<br><br>Civil Action No. |

Plaintiff John Doe moves the Court to proceed anonymously by means of a pseudonym reflected in the caption of this motion pursuant to Rule 10(a) of the Federal Rules of Civil Procedure and to file under seal the Declaration of John Doe and supporting Exhibits A-G filed in support of plaintiff's proposed Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction under seal.

## BACKGROUND

Plaintiff is a student in his senior year at the State University of New York at Geneseo, and before the university suspended plaintiff three days ago, he was scheduled to graduate on May 18, 2024, or in seventeen (16) days.  Until this decision, plaintiff has never been charged or found responsible for any misconduct.  Plaintiff has secured post-graduation full time employment in his chosen profession, which is scheduled to start on or about June 17, 2024.

Plaintiff's suspension arises from a university disciplinary process which violated his due process rights under the Fourteenth Amendment to the United States Constitution and breached his contractual rights and the covenant of good faith and fair dealing with the university as further detailed in plaintiff's simultaneously filed Complaint. In short, defendants unlawfully: (1) adjudicated the complaint against plaintiff under a procedurally deficient university policy over a more procedurally robust university policy; (2) adjudicated the complaint against plaintiff which was time barred under operative university policy; (3) issued a finding and sanction without sufficient evidence under its own policies; and (4) improperly rejected newly submitted evidence under its own policies.

## ARGUMENT

**I.    THE COURT SHOULD GRANT PLAINTIFF'S MOTION TO PROCEED UNDER A PSEUDONYM.**

Under Rule 10(a) of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. Rule 10(a).  At the same time, courts have "carved out a limited number of exceptions to the general requirement of disclosure [of the names of parties], which permit plaintiffs to proceed anonymously." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008) (quoting *Roe v. Aware Women Ctr. for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001)) (alteration in original). Whether a plaintiff may prosecute an action anonymously through a pseudonym is determined at the discretion of the court after weighing the "plaintiff's interest in anonymity . . . against both the public interest in disclosure and any prejudice to the defendant." *Grottano v. City of New York*, No. 15 Civ. 9242 (RMB)(KNF), 2016 WL 2604803 at *1 (S.D.N.Y. Mar. 30, 2016) (internal quotation marks and citation omitted).   The Second Circuit

outlined a list of non-exhaustive factors for district courts to consider when balancing those interests, which include:

(1) whether the litigation involves matters that are highly sensitive and of a personal nature;

(2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;

(3) whether identification presents other harms and the likely severity of those harms including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;

(4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of [his or her] age;

(5) whether the suit is challenging the actions of the government or that of private parties;

(6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;

(7) whether the plaintiff's identity has thus far been kept confidential;

(8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;

(9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

(10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

3

*Sealed Plaintiff*, 537 F.3d at 190 (internal quotation marks and citations omitted) (alterations in the original). These factors ultimately guide the court to decide whether a plaintiff may proceed with a pseudonym by balancing "the plaintiff's interest in anonymity . . . against both the public interest in disclosure and any prejudice to the defendant." *Id.* at 189. The facts of this case meet several of these factors, but most clearly this case involves "matters are highly sensitive and of a personal nature." *Id.* at 190.

As recognized by other district courts adjudicating cases of the same nature "protecting the anonymity of sexual assault victims and those accused of committing sexual assault can be an important safeguard to ensure that the due process rights of all parties are protected." *Doe v. Colgate Univ.*, 2016 WL 1448829, at *2 (N.D.N.Y. Apr. 12, 2016). Moreover, mindful of the chilling effect that forcing similarly situated students to reveal their identity in order to bring suit could have on future plaintiffs facing similar situations, the court allowed the plaintiff in *Doe v. Colgate University* to proceed anonymously because "forcing [a] [p]laintiff to reveal his identity would not advance any aspect of the litigation, but instead poses a risk that [a] [p]laintiff [as a college student accused of sexual assault] would be subject to unnecessary ridicule and attention." *Id.* at *3.

The Court should grant the plaintiff's motion to proceed anonymously under the name John Doe. This motion is filed simultaneously with the plaintiff's Complaint against the above-captioned defendants. The plaintiff seeks to proceed anonymously to protect his identity as a young man accused of sexual assault by a public university arising from an incident with a female

4

student. The allegations against him relate to an alleged sexual assault and, therefore, are inherently private in nature.

The plaintiff also seeks to render anonymous in all proceedings on this matter the name of the female student who filed a claim against the plaintiff, as well as the names of any other student mentioned in the university's investigation into plaintiff. Plaintiff requests that the identities of these individuals remain anonymous because the allegations are of a private, sexual nature and none of those individuals are parties to the instant federal action. Throughout his Complaint and other submissions, plaintiff refers to the female reporting individual as "Jane Roe." Similarly, plaintiff identifies any another student in the university's investigation by his or her initials.

Permitting the plaintiff to proceed anonymously and anonymizing other relevant non-party persons will neither prejudice the defendants nor be detrimental to the public interest in any way. Rather, the public interest is better served by adjudicating claims arising from allegations of sexual assault at a public university by not revealing to the public the name of the reporting party or the responding party, or other students identified in the university's investigation.

Requiring plaintiff to proceed under his legal name is unduly prejudicial to the plaintiff, who is only being forced to resort to the courts at this time because defendants have suspended him in violation of his due process rights guaranteed under the Fourteenth Amendment to the United States Constitution and under the university's its own version of due process guaranteed in university policy. The plaintiff should not have to thrust himself into the public spotlight in court to realize that benefit, but he is compelled to bring this action because defendants' unlawful suspension imposed on the eve-of-graduation will prevent plaintiff from obtaining his degree, which he is days away from earning, and time is running out. Permitting the plaintiff to proceed

5

anonymously will neither prejudice the defendant nor be detrimental to the public interest in any way.

Finally, the defendants will not be prejudiced by keeping the plaintiff's name confidential. The university officials named as defendants are well aware of its own proceedings and the plaintiff's identity. *Doe v. Colgate Univ.*, 2016 WL 1448829, at *3 (N.D.N.Y. Apr. 12, 2016) (defendant is "aware of Plaintiff's true identity and will have an uninhibited opportunity to litigate this matter regardless of whether Plaintiff's identity is disclosed publicly"). There is no self-evident way that use of the "John Doe" moniker or the filing of documents under seal would impair defendants' ability to defend these claims. The plaintiff's identity has been kept confidential to date—the university's process is private, and the plaintiff's case has not been publicized. Moreover, because of the predominantly legal issues in this case there is an atypically weak "public interest" in disclosure of the plaintiff's name—the dominating legal questions of whether the university followed due process requirements of the United States Constitution and of its own policies, are driven principally by the evidence of the university's own documents and are agnostic as to the identity of any particular student.

**II.  THE COURT SHOULD GRANT PLAINTIFF'S MOTION TO FILE UNDER SEAL HIS DECLARATION AND IDENTIFYING SUPPORTING EXHIBITS.**

Plaintiff asks the Court to permit him to file under seal his declaration submitted in support of the proposed Order to Show Cause for a temporary restraining order and preliminary injunction and identifying supporting exhibits. Specifically, plaintiff asks to file under seal the following identifying supporting exhibits to his declaration:

Exhibit A          Plaintiff's fully executed Job Offer Letter, dated August 23, 2023

| | |
|---|---|
| Exhibit B | Personal and confidential letter to plaintiff from defendant investigator and Title IX Investigator Sara Mahoney re Notice of Allegations, dated May 11, 2023 |
| Exhibit C | Personal and confidential letter to plaintiff from defendant investigator and Title IX Investigator Sara Mahoney re Notice to the Respondent of Removal of the Title IX Complaint to Conduct Process, dated September 25, 2023 |
| Exhibit D | Personal and confidential letter to plaintiff from Student Conduct Board enclosing hearing decision, dated February 25, 2024 |
| Exhibit E | Personal and confidential letter to Student Conduct Appellate Board from plaintiff enclosing his appeal, dated March 1, 2024 |
| Exhibit F | Affidavit of Witness MC, submitted as an enclosure to plaintiff's March 1, 2024 appeal to the Student Conduct Appellate Board |
| Exhibit G | Personal and confidential letter to plaintiff from Student Conduct Appellate Board enclosing appeal decision, dated April 29, 2024 |

The Second Circuit in *Lugosch v. Pyramid Co. of Onondaga County*, 435 F.3d 110, 119-27 (2d Cir. 2006), outlines the standard to file a document under seal. After documents have been declared to be judicial documents, a presumption of access attaches. *See id.*; *see also Lockwood v. Dunkirk City Sch. Dist.*, No. 21-CV-941(LJV), 2024 WL 1832488, at *1-3 (W.D.N.Y. Apr. 26, 2024). A court must then assess the weight of that presumption by evaluating "the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Lugosch*, 435 F.3d at 119 (internal citation omitted). Finally, a court will consider countervailing factors such as "the privacy interests of those resisting disclosure." *Id.* at 120. Ultimately, "documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987).

7

The documents that plaintiff asks to file under seal are judicial documents as they are incorporated into plaintiff's submission on the proposed Order to Show Cause for a temporary restraining order and preliminary injunction. With the exception of the Declaration of John Doe and Exhibit A, these exhibits were exchanged between the parties in a confidential university disciplinary proceeding and have been protected from public disclosure during and after the university's investigation and determination.

Exhibit A is a fully executed job offer letter between plaintiff and his prospective employer. Requiring this document to be public would also reveal plaintiff's identity through his name and through the identification of his prospective employer.

Finally, plaintiff's declaration filed in support of the proposed Order to Show Cause for a temporary restraining order and preliminary injunction identifies significant identifying information that is tantamount to revealing plaintiff's name.

Public disclosure of this confidential information contained in the exhibits and in the Declaration of John Doe, namely, the identity of plaintiff and his address, would subject plaintiff to unnecessary ridicule and attention without advancing any aspect of the litigation, chill litigation from future similarly situated students for fear that they need to reveal their identity in order to bring suit, and compromise the importance of safeguarding plaintiff's due process rights when he chose to vindicate those rights in court. Additionally, many of the exhibits identify other students who are not parties to this litigation. *See Lockwood*, 2024 WL 1832488, at *2 (noting that "courts have found that sealing—rather than merely redacting names—is justified in cases where, given the nature of the material at issue, there is concern that a savvy reader could deduce the third parties' identities, given the specificity of the statements and the small circle of knowledgeable

persons.")(internal quotations and citation omitted).  Moreover, the role of these particular documents, however, are not material as the information contained within them is thoroughly described within the enumerated paragraphs in plaintiff's complaint without revealing the confidential information.  Furthermore, higher values are paramount in this case as it involves highly sensitive and personal matters regarding allegations against plaintiff for sexual assault, which plaintiff vehemently contests.  In addition, plaintiff alleges that his due process rights have been violated in a process and proceeding conduct by defendants.  Sealing the Declaration of John Doe and the enumerated exhibits, rather than the entirety of plaintiff's complaint, is narrowly tailored to serve these higher values and interests.

Should the Court deny any of plaintiff's requests for sealing, plaintiff respectfully requests that he submit redactions for this Court's consideration before filing on the public docket.

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that the Court permit him to proceed by means of the pseudonym reflected in the caption of this motion for plaintiff. Additionally, for the foregoing reasons, plaintiff respectfully requests that the Court grant his motion to file under seal the Declaration of John Doe and supporting Exhibits A-G filed in support of the proposed Order to Show Cause for a temporary restraining order and preliminary injunction to protect plaintiff's, the reporting party, and other witnesses identities from being revealed.

DATED: May 2, 2024

E. STEWART JONES HACKER MURPHY LLP

_____
JULIE A. NOCIOLO, ESQ.
Pro Hac Vice Application Pending
*Attorneys for plaintiff John Doe*
28 Second Street
Troy, New York 12180
jnociolo@joneshacker.com
